CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

CHRISTIAAN HIGHSMITH (CABN 296282)
ASEEM PADUKONE (CABN 298812)
KELSEY DAVIDSON (CABN (322323)
Assistant United States Attorneys

> 450 Golden Gate Avenue, Box 36055
> San Francisco, California 94102-3495
> Telephone: (415) 436-7159
> Fax: (415) 436-7027
> christiaan.highsmith@usdoj.gov
> aseem.padukone@usdoj.gov
> kelsey.davidson@usdoj.gov

Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:25-CR-00428-CRB |
| Plaintiff, | STIPULATION AND PROTECTIVE ORDER |
| v. | [PROPOSED] |
| (1) XIN MIAN PAN, a/k/a "HENRY PAN," (2) HUA LIANG XIE, a/k/a "NOLAN XIE," (4) UNI-TILE & MARBLE INC., (5) UNI-STONE & CABINET, INC., | |
| Defendants. | |

With the agreement of the parties, the Court enters the following Protective Order:

Defendants are charged with violating 18 U.S.C. § 371 – Conspiracy; 18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud; 18 U.S.C. § 1343 – Wire Fraud; 18 U.S.C. § 542 – Entry of Goods by Means of False Statements; 18 U.S.C. § 545 – Smuggling; and 18 U.S.C. § 1956(a)(2) – International Money Laundering.  Upon receipt of a discovery request, the United States will produce documents and

STIPULATED PROTECTIVE ORDER
3:25-CR-00428-CRB                    1

other materials pertaining to the defendants and the charged offenses to defense counsel.  The discovery to be provided includes documents or other materials falling into one or more of the following categories (collectively, "Protected Information"):

1. Personal Identifying Information of any individual (other than his or her name), including any person's date of birth, social security number, residence address, telephone numbers, email addresses, driver's license number, names of persons who are minors, or criminal histories ("Personal Identifying Information"); and

2. Financial Identifying Information of any individual or business, including bank account numbers, credit or debit card numbers, account passwords, and taxpayer identification numbers ("Financial Identifying Information").

The United States will identify discovery materials as Protected Information by marking such materials "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" or by providing written notice identifying discovery materials as Protected Information.  The government shall exercise reasonable care in determining which discovery materials should be designated as Protected Information in order to avoid the over-designation of discovery materials as Protected Information.

To ensure that Protected Information is not subject to unauthorized disclosure or misuse,

**IT IS HEREBY ORDERED** that defense counsel, their investigators, assistants, employees, agents, experts, consultants, independent contractors (collectively, "the Defense Team") and the defendants may review all discovery material produced by the government. But the Defense Team shall not provide a defendant with copies of, or permit defendant to make copies of,  discovery material produced by the government that contains Protected Information, unless the Protected Information has first been **entirely redacted** from the discovery materials.  The government and defense counsel are ordered to work together to ensure that these materials are protected, but that defendant has as much access to the materials as can be provided consistent with this Court's order.  Discovery material that clearly pertains to a specific defendant and does not contain Protected Information regarding any other person (*e.g.*, defendant's own bank records, telephone records, and business records) may be provided to that defendant unredacted.

Only the Defense Team may make copies of any discovery provided by the government in this

case, with the exception of any photocopying or data processing service used by the Defense Team for the purposes of presenting a defense in this matter.

The Defense Team may show witnesses Protected Information in the course of preparing a defense for trial or any related proceedings in this case, but only if (i) the witness, by reason of their participation in the underlying events or conduct, would have seen or had reason to know such information, or (ii) it is otherwise relevant to the defense of the case that the Defense Team discuss with or show the witness Protected Information.  Witnesses may only view Protected Information in the presence of the Defense Team.  No witness or potential witness may retain copies of discovery material that contains Protected Information after his or her review of those materials with the Defense Team is complete unless those materials are redacted.

Defense counsel may also provide unredacted copies of Protected Information to any experts retained to assist with the preparation of the defense in the captioned case.  The defendant, all members of the Defense Team, and any experts who receive Protected Information under this Order shall be provided a copy of this Order along with those materials and shall sign and date the order reflecting their agreement to be bound by it.

Notwithstanding any other provision of this Stipulation, if defense counsel redacts all Personal Identifying Information and Financial Identifying Information from discovery, presents such material to the government for their confirmation and approval that all confidential information has been redacted, or confirms that there is no information that needs to be redacted, and receives the same confirmation of the same, such material will no longer be considered Confidential subject to the protective order. The government will work promptly to review the redacted material and provide  confirmation and approval.

The Defense Team shall maintain Protected Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by not divulging the contents or permitting anyone to see Protected Information except as set forth in this Protective Order.

The materials provided pursuant to this protective order may only be used for the specific purpose of preparing or presenting a defense in this matter and related ancillary proceedings unless specifically authorized by the Court.

This Order shall also apply to any copies made of any materials covered by this Order.

**IT IS FURTHER ORDERED** that if a party files a pleading that contains or attaches Protected Information subject to this Order, the Protected Information must be filed under seal (accompanied by a request to file under seal) and redacted from the public filing, unless otherwise ordered by the Court.

**IT IS FURTHER ORDERED** that after any judgment or disposition has become final and there are no pending proceedings, challenges, appeals, or habeas motions in the case, counsel for defendant shall either destroy discovery materials containing Protected Information (including any copies) within 30 days if the defendant consents to such destruction, or retain the Protected Information and ensure that the Protected Information will continue being kept under the conditions specified in this Order. After the statutory period for filing a motion under 28 U.S.C. § 2255 has expired, the United States is free to destroy documents and materials subject to this Order. If a defendant is represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the United States will provide counsel with the documents and materials subject to this Protective Order under the terms of this Order.

This stipulation is without prejudice to either party applying to the Court to modify the terms of any protective order. This Court shall retain jurisdiction to modify this Order upon motion of either party even after the conclusion of district court proceedings in this case.

**IT IS SO STIPULATED.**                                  CRAIG H. MISSAKIAN
                                                          United States Attorney


Dated: January 16, 2026                                  ___/s/_____
                                                         CHRISTIAAN HIGHSMITH
                                                         ASEEM PADUKONE
                                                         KELSEY DAVIDSON
                                                         Assistant United States Attorneys


                                                         ___/s/_____
                                                         GARTH HIRE
                                                         DANIEL DONAHOE WALL
                                                         MAX BILSBOROUGH
                                                         Counsel for Defendants XIN MIAN PAN, UNI-TILE & MARBLE INC, AND UNI-STONE & CABINET, INC.

STIPULATED PROTECTIVE ORDER
3:25-CR-00428-CRB                                4

/s/
TAMARA A CREPET
NAOMI S. CHUNG
Counsel for Defendant HUA LIANG XIE

IT IS SO ORDERED.


Dated: January 20, 2026          CHARLES R. BREYER
United States District Judge


**By signing below, I acknowledge that I have been provided and have reviewed a copy of this Order and hereby agree to be bound by its terms:**

| SIGNATURE | DATE |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

STIPULATED PROTECTIVE ORDER
3:25-CR-00428-CRB                    5